AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| United States of America | ) |
| v. | ) Case: 1:22-mj-00036 |
| Jon Nicholas Heneghan | ) Assigned to: Judge Meriweather, Robin M. |
| | ) Assign Date: 2/22/2022 |
| | ) Description: COMPLAINT W/ ARREST WARRANT |
| Defendant | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* Jon Nicholas Heneghan,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☒ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1752(a)(1) - Entering and Remaining in a Restricted Building or Grounds
18 U.S.C. § 1752(a)(2) - Disorderly and Disruptive Conduct in a Restricted Building or Grounds
40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct in a Capitol Building
40 U.S.C. § 5104(e)(2)(G) - Parading, Demonstrating, or Picketing in a Capitol Building

Date: 02/22/2022

Robin M. Meriweather
2022.02.22 16:13:24 -05'00'

*Issuing officer's signature*

City and state: Washington, D.C.

Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

### Return

This warrant was received on *(date)* 02/22/22, and the person was arrested on *(date)* 02/23/22
at *(city and state)* Dunedin, Fl.

Date: 02/23/22

*Arresting officer's signature*

Shawn M. Walsh
*Printed name and title*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

IN RE:   Due Process Protections Act            CASE NO. 3:20-mc-20-J-32

## STANDING ORDER REGARDING
## DUE PROCESS PROTECTIONS ACT

Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny and orders the United States to do so.  Failing to do so in a timely manner may result in consequences, including exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, and sanctions.

The Clerk is directed to enter this order in all criminal cases pending on October 21, 2020, or filed thereafter.

**DONE AND ORDERED** in Jacksonville, Florida on December 1, 2020.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
Chief United States District Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.  8:22-mj-1178-EAJ

JON NICHOLAS HENEGHAN

_____

ORDER OF RELEASE

It is ORDERED:

1. That the conditions of release are established as set forth below.

2. That the United States Marshal is directed to release the above-named Defendant upon his/her agreement, in writing, to comply with the following conditions of release.

ENTERED in Tampa, Florida on this 23rd day of February 2022.

*Elizabeth A. Jenkins*
ELIZABETH A. JENKINS
United States Magistrate Judge

1

## CONDITIONS OF RELEASE

1. Defendant must appear before the Court in accordance with all notices.

2. Defendant must not at any time, for any reason whatsoever, leave the Middle District of Florida without first obtaining written permission of the United States District Court for the Middle District of Florida or the district court where criminal charges are pending. Defendant is prohibited from being in the District of Columbia except for purposes of court hearings, meetings with counsel or other matters related to the pending criminal case.

3. Defendant must not change his/her present address without prior approval from the United States Pretrial Services Agency (Pretrial Services). Defendant must keep Pretrial Services informed of any telephone number changes.

4. Defendant must not commit a federal, state, or local crime during the period of his/her release. Defendant must inform Pretrial Services immediately if arrested or otherwise charged with any offense. Defendant is specifically advised that federal law prohibits conduct relating to intimidation of witnesses, jurors and officers of the Court (18 U.S.C. § 1503); conduct relating to obstruction of criminal investigations (18 U.S.C. § 1510); conduct involving tampering with witnesses, victims or informants (18 U.S.C. § 1512); and conduct involving retaliation against a witness, victim or informant (18 U.S.C. § 1513), as well as attempts to commit any of the foregoing acts.

5. Defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

6. SPECIAL CONDITIONS OF DEFENDANT'S RELEASE

    * Defendant must report to Pretrial Services as directed.

    * Defendant must surrender any firearms in his/her possession and refrain from using or possessing any other firearm,

2

  destructive device, or dangerous weapon. a third-party custodian approved by Pretrial Services no later than 4:00 p.m. on February 25, 2022, and refrain from using or possessing any other firearm, destructive device, or dangerous weapon.

*  Defendant must surrender his/her passport to Pretrial Services, 500 E Zack Street, Suite 301, Tampa, no later than 4:00 p.m. on February 24, 2022. Upon being placed on probation, being taken into custody for imposition of sentence, dismissal, or not guilty verdict, Defendant will have 180 days to file a motion requesting the return of the passport. If such motion is not filed, Pretrial Services will return Defendant's passport to the United States Department of State.

*  Defendant may not obtain a passport or any new travel documents.

*  Defendant must post a signature bond in an amount totaling $10,000.000.

7. A violation of any of the above conditions may result in the immediate issuance of a warrant for Defendant's arrest and may result in a forfeiture of any bond.

 Further, upon re-arrest, Defendant may be detained in jail without the setting of new conditions of release or, if new conditions of release are established, those conditions will, in all likelihood, be significantly greater than the conditions previously established.

 Moreover, a person who violates his/her conditions of release may be prosecuted for contempt of Court.

8. A defendant commits a separate offense against the laws of the United States if, after having been released under these conditions of release, he/she knowingly fails to appear before a Court as required by the conditions of release, or knowingly fails to surrender for service of a sentence pursuant to a court order. If a person fails to appear in

connection with --

(a) an offense punishable by death, life imprisonment or imprisonment for a term of 15 years or more, the penalties for failure to appear are a $250,000 fine, or imprisonment for not more than 10 years, or both;

(b) an offense punishable by imprisonment for a term of five or more years, but less than -15 years, the penalties for failure to appear are a fine of not more than $250,000 or imprisonment for not more than five years, or both;

(c) any other felony, the penalties for failure to appear are a $250,000 fine, or imprisonment for not more than two years, or both;

(d) a misdemeanor, the penalties for failure to appear are a $100,000 fine (if the offense occurred after November 1, 1987), or a $25,000 fine (if the offense occurred before November 1, 1987), or imprisonment for not more than one year, or both.

At the present time, the charge in this case involves penalties which equal or exceed the penalty set forth in subparagraph ( b ), and therefore, the penalties for failure to appear are those conditions in that subparagraph.

Any term of imprisonment for failure to appear is required by law to be consecutive to the sentence of imprisonment for any other offense.

Furthermore, federal law provides that a person convicted of an offense that is committed while Defendant is released under these conditions of release may be sentenced, in addition to the sentence prescribed for the offense, to a term of imprisonment of not more than 10 years if the offense is a felony; or a term of not more than one year, if the offense is a misdemeanor. Any term of imprisonment imposed pursuant to this provision of law is to be consecutive to any other term of imprisonment.

I acknowledge that I have read the above or that the above has been read to me and that I fully understand the conditions of my admission to bail and the possible penalties for the violation of any of those conditions.

4

I further acknowledge that I have been given a copy of this instrument, as well as a copy of the bail bond to which it is attached.

Signed in Tampa, Florida, this <u>23rd</u> day of February 2022.

<u>ASA 8493</u>　　　　　　　　　　　<u>[signature]</u>
　WITNESS　　　　　　　　　　　　　DEFENDANT

1. The Middle District of Florida consists of the following Florida Counties: Baker, Bradford, Brevard, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Duval, Flagler, Glades, Hamilton, Hardee, Hendry, Hernando, Hillsborough, Lake, Lee, Marion, Manatee, Nassau, Orange, Osceola, Pasco, Pinellas, Polk, Putnam, Sarasota, St. Johns, Seminole, Sumter, Suwanee, Union, and Volusia.

2. The telephone number and mailing address for the Clerk of the United States District Court for the Middle District of Florida, Tampa Division, are: 813/301-5400 and 801 North Florida Avenue, United States Courthouse, Tampa, Florida 33602.

3. The telephone number of the United States Marshal's Office for the Middle District of Florida, Tampa Division, is: 813/274-6401.

4. The telephone number and mailing address of the United States Attorney for the Middle District of Florida, Tampa Division, are: 813/274-6000; Park Tower, Suite 3200, 400 N. Tampa Street, Tampa, Florida 33602.

5. The commercial telephone number of the United States Pretrial Services Agency is 813/225-7648, and the toll-free number is 1/800/676-0125.

6. <u>NOTICE TO COUNSEL AND DEFENDANT</u>: Requests to travel outside the area permitted in this document must be submitted **at least three (3) BUSINESS** days prior to the date upon which travel is expected to begin. Failure to comply with this requirement may result in automatic denial of the request unless a showing is made that an actual emergency

5

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Jon Nicholas Heneghan | ) Case No. 8:22-mj-1178-EAJ |
| *Defendant* | ) |

## APPEARANCE BOND

### Defendant's Agreement

I, _____Jon Nicholas Heneghan_____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

    ( X )   to appear for court proceedings;
    ( X )   if convicted, to surrender to serve a sentence that the court may impose; or
    ( X )   to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

( ) (1) This is a personal recognizance bond.

( X ) (2) This is an unsecured bond of $ __10,000.00__ .

( ) (3) This is a secured bond of $ _____ , secured by:

    ( ) (a) $ _____ , in cash deposited with the court.

    ( ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:

    If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    ( ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1) all owners of the property securing this appearance bond are included on the bond;
(2) the property is not subject to claims, except as described above; and
(3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: 2/23/22

_____
*Defendant's signature*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

CLERK OF COURT

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

Approved.

Date: 02/23/2022

ELIZABETH A. JENKINS
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.

JON NICHOLAS HENEGHAN
CAROL O'NEAL KICINSKI

_____/

Case No. 8:22-mj-1178-EAJ
DC Case No. 1:22-mj-36

## ORDER DIRECTING DEFENDANT TO ANSWER AND TO APPEAR IN DISTRICT OF PROSECUTION

The Defendant having appeared before the Court pursuant to Rule 5 of the Federal Rules of Criminal Procedure, such proceedings having concluded, and the Defendant having been released:

IT IS ORDERED that the Defendant shall appear in the United States District Court for the District of Columbia on March 3, 2022, at 1:00 p.m. before Magistrate Judge Zia M. Faruqui via Zoom videoconference.

SO ORDERED in Tampa, Florida this 24th day of February 2022.



ELIZABETH A. JENKINS
United States Magistrate Judge

Copies to:
Counsel of record

BOND, CLOSED

# U.S. District Court
## Middle District of Florida (Tampa)
### CRIMINAL DOCKET FOR CASE #: 8:22-mj-01178-EAJ All Defendants

Case title: USA v. Heneghan et al  
Other court case number: 1:22-mj-36 District of Columbia

Date Filed: 02/23/2022  
Date Terminated: 02/24/2022

Assigned to: Magistrate Judge Elizabeth A. Jenkins

## Defendant (1)

**Jon Nicholas Heneghan**  
*TERMINATED: 02/24/2022*

represented by **David Elbert Little**  
Brown Doherty Little  
450 Carillon Parkway  
Suite 120  
St Petersburg, FL 33716  
727-299-0099  
Fax: 727-299-0044  
Email: david@lawbdl.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Designation: Retained*

**Raudel Vitier**  
Federal Public Defender's Office  
400 N Tampa St Ste 2700  
Tampa, FL 33602-4726  
813/228-2715  
Email: del_vitier@fd.org  
*ATTORNEY TO BE NOTICED*  
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

**Disposition**

None

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:1752.P RESTRICTED BUILDING OR GROUNDS, 18:1752.P RESTRICTED BUILDING OR GROUNDS, 40:5104E.M VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS, 40:5104E.M VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS | |

---

Assigned to: Magistrate Judge Elizabeth A. Jenkins

**Defendant (2)**

| | | |
|---|---|---|
| **Carol O'Neal Kicinski**<br>*TERMINATED: 02/24/2022* | represented by | **David Elbert Little**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |
| | | **Raudel Vitier**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| Terminated Counts | Disposition |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| Complaints | Disposition |
|---|---|
| 18:1752.P RESTRICTED BUILDING OR GROUNDS, 18:1752.P RESTRICTED BUILDING OR GROUNDS, 40:5104E.M VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS, 40:5104E.M VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS | |

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **Daniel J. Marcet**<br>United States Attorney's Office<br>Tampa Division<br>400 North Tampa Street<br>Suite 3200<br>Tampa, FL 33602<br>813-274-6028<br>Email: daniel.marcet@usdoj.gov<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

| Date Filed | # | Docket Text |
|---|---|---|
| 02/23/2022 | 1 | Arrest pursuant to Rule 5(c)(2) of Jon Nicholas Heneghan, Carol O'Neal Kicinski from the District of Columbia. (AMS) (Entered: 02/23/2022) |
| 02/23/2022 | 4 | **ORDER as to Jon Nicholas Heneghan, Carol O'Neal Kicinski: Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny and orders the United States to do so. Failing to do so in a timely manner may result in consequences, including exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, and sanctions. Signed by Judge Timothy J. Corrigan on 12/01/2020. (AMS)** (Entered: 02/24/2022) |
| 02/23/2022 | 5 | ORAL MOTION for Release from Custody by Jon Nicholas Heneghan, Carol O'Neal Kicinski. (AMS) (Entered: 02/24/2022) |
| 02/23/2022 | 6 | ORAL MOTION for Release from Custody by USA as to Jon Nicholas |

f

| | | |
|---|---|---|
| | | Heneghan, Carol O'Neal Kicinski. (AMS) (Entered: 02/24/2022) |
| 02/23/2022 | 7 | Minute Entry for Virtual proceedings held before Magistrate Judge Elizabeth A. Jenkins: granting 5 Motion for Release from Custody as to Jon Nicholas Heneghan (1), Carol O'Neal Kicinski (2); granting 6 Motion for Release from Custody as to Jon Nicholas Heneghan (1), Carol O'Neal Kicinski (2); INITIAL APPEARANCE in Rule 5(c)(3) proceedings held on 2/23/2022 as to Jon Nicholas Heneghan, Carol O'Neal Kicinski from the District of Columbia. (Digital) (AMS) (Entered: 02/24/2022) |
| 02/23/2022 | 8 | **ORAL ORDER as to Jon Nicholas Heneghan, Carol O'Neal Kicinski: Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny and orders the United States to do so. Failing to do so in a timely manner may result in consequences, including exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, and sanctions. Signed by Magistrate Judge Elizabeth A. Jenkins on 2/23/2022. (AMS)** (Entered: 02/24/2022) |
| 02/23/2022 | 9 | **ORDER Setting Conditions of Release. Signed by Magistrate Judge Elizabeth A. Jenkins on 2/23/2022. (AMS)** (Entered: 02/24/2022) |
| 02/23/2022 | 10 | Appearance BOND entered as to Jon Nicholas Heneghan in amount of $ 10,000. (AMS) (Entered: 02/24/2022) |
| 02/23/2022 | 11 | **ORDER Setting Conditions of Release. Signed by Magistrate Judge Elizabeth A. Jenkins on 2/23/2022. (AMS)** (Entered: 02/24/2022) |
| 02/23/2022 | 12 | Appearance BOND entered as to Carol O'Neal Kicinski in amount of $ 10,000. (AMS) (Entered: 02/24/2022) |
| 02/24/2022 | 13 | **ORDER OF REMOVAL pursuant to Rule 5(c)(3) to the District of Columbia as to Jon Nicholas Heneghan, Carol O'Neal Kicinski. Signed by Magistrate Judge Elizabeth A. Jenkins on 2/24/2022. (AMS)** (Entered: 02/24/2022) |
| 02/24/2022 | | NOTICE to District of Columbia of a Rule 5 or Rule 32 Initial Appearance as to Jon Nicholas Heneghan, Carol O'Neal Kicinski regarding your case number: 1:22-mj-36. Using your PACER account, you may retrieve the docket sheet and any documents via the case number link. No documents/record will be sent. If you require certified copies of any documents please send a request to InterdistrictTransfer_FLMD@flmd.uscourts.gov. If you wish the court to use a different email address in the future, please send a request to update your address to InterdistrictTransfer_TXND@txnd.uscourts.gov. (AMS) (Entered: 02/24/2022) |
| 02/25/2022 | 14 | NOTICE OF ATTORNEY APPEARANCE: Raudel Vitier appearing for Carol O'Neal Kicinski (Vitier, Raudel) (Entered: 02/25/2022) |
| 02/25/2022 | 15 | NOTICE OF ATTORNEY APPEARANCE: Raudel Vitier appearing for Jon Nicholas Heneghan (Vitier, Raudel) (Entered: 02/25/2022) |